UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BROWN,

           Plaintiff,

v.                               Case No. 8:08-cv-2257-T-17TGW

State Attorney BERNIE McCABE,
Clerk of the Court, KEN BURKE,
Deputy Clerk of the Court, DONNA SPRINGMANN,

           Defendants.

## O R D E R

This cause is before the Court on pro se prisoner Plaintiff David Brown's 42 U.S.C. § 1983 civil rights complaint. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed because the Plaintiff Brown has not alleged facts that state a Rule 12(b)(6) claim for relief. Brown has previously filed a similar claim in case number 8:07-cv-1273-T-17EAJ naming only Burke as the Defendant.

### Case No. 8:07-cv-1273-T-17EAJ

Brown alleged that Burke violated his constitutional rights by failing to send copies of documents to the attorney who represented Brown in his rule 3.850 motion before the state trial court. Burke is the elected Clerk of the Circuit Court in and for Pinellas County, Florida. Brown's Complaint purported to state a federal or state tort cause of action against Burke individually. Brown alleged:

> This is a civil right action for compensatory and punitive damages as well as declaratory and injunctive relief. Plaintiff contends that while in custody of the Florida Department of Corrections, the defendant in his individual and official

capacity interfered with the plaintiff's right of access to the court and free speech as guaranteed by the First and Fourteenth Amendment to the U.S. Constitution. The plaintiff alleges that the defendant took or was responsible for actions that hindered the plaintiff's efforts to pursue a legal claim.

Defendant Burke filed a motion to dismiss which the Court granted in an order that reads, in part:

> Defendant Burke, individually, is immune from suit in tort for any action based upon state law negligence. §768.28(9) Fla. Stat. Moreover, the Complaint fails to aver any facts regarding Burke, individually, that would remove the immunity provided under §768.28(9) Fla. Stat. See, e.g., Complaint at paragraphs 23-24. (Doc. No. 1, ¶ ¶ 23-24).
>
> The balance of the Complaint fails to identify any act or omission that was committed by Burke, individually. Burke is entitled to qualified immunity absent some pleading of fact that reveals conduct that violates a clearly established duty he personally owed the Plaintiff. No such facts are pled.
>
> The Complaint appears to be predicated upon a misguided notion that the Clerk of the Court has the "ultimate responsibility for the promulgation and enforcement of all Rules of the Court." (Doc. No. 1, ¶ 8) In Florida, the Rules of the Court are promulgated by the Florida Supreme Court, not local clerks of the Circuit Court. Florida Constitution, Article V, Section 2(a).
>
> The gravamen of the Complaint focuses upon an alleged failure of the Clerk of the Court's staff to serve pleadings between the State's Attorney's office, Brown's ostensibly retained attorney, Julio R. Ferrer-Roo, and the Circuit Judge who obviously received and ruled upon Plaintiff's post-conviction motion. See, e.g., the Complaint at paragraphs 14-19. (Doc. No. 1, ¶ ¶ 14-19).
>
> Paragraph 21 of the Complaint appears to be the first apparent Count of the Complaint. It asserts "Interference with Access to the Court." However, the Complaint clearly reveals the Circuit Court was accessed by Brown and the Circuit Court ordered the State of Florida to respond to his post-conviction motions.[1] See, e.g., Complaint at paragraph 11. (Doc. No. 1, ¶ 11).

---

[1] Fla.R.Civ.P. 3.850(d) requires the Clerk of the Court, upon receipt of a Rule 3.850 motion, to forward the motion and file to the court. In turn, the Circuit Court may proceed to issue an order to show cause to the State's Attorney. The four corners of Brown's Complaint reveal that this was done as the Circuit Court ordered the State's Attorney to show cause. See, Complaint at paragraph 11. Rule 3.850 does not require the Clerk of the Court to serve any other pleadings upon the State's Attorney or upon any attorney who files an appearance in the matter.

Brown alleges that after the Circuit Court ordered the State's Attorney to respond to Brown's petition for writ of habeas corpus, he had an attorney file an appearance, and that this attorney requested that any and all filings be served upon him. (Complaint, paragraph 13.) Brown complains that the Clerk of the Court did not serve pleadings upon his attorney, nor did the State's Attorney or the Circuit Court. (Complaint, paragraphs 14 -17). The Complaint fails to identify any legal duty that is imposed upon the Clerk to serve these pleadings.

The Complaint, including its reasonable inferences, shows that the Clerk's office received Brown's motion for post-conviction relief and that this motion was acted upon by the Circuit Court. Whether the Circuit Court received Brown's motion from the Clerk pursuant to Fla.R.Civ.P. 3.850 is immaterial, although one can reasonably infer from the Complaint that is precisely what happened. Moreover, Brown's Counsel, assuming Brown actually retained an attorney, is responsible for knowing how to contact opposing counsel and the Court in order to represent his client. Nothing in the United States Constitution or Florida law imposes upon the Clerk of the Court any duty to engage in these services as claimed by Brown.

Brown's Complaint fails to allege any facts that demonstrate that Burke, individually, engaged in any wrongdoing whatsoever. Instead, the Complaint alleges matters about the office of the Clerk of the Court, generally. Moreover, the allegations of the Complaint reflect that the allegations in the Complaint, itself, are immaterial. Brown was entitled, at best, to have his post-conviction motion tendered by the Clerk to the Circuit Court for consideration. Ultimately, he received that consideration. Brown received due process.

Under Florida law, Burke has individual immunity in tort for negligence. §768.28(9) Fla. Stat. To avoid immunity, Brown has to articulate ultimate facts that would demonstrate that Burke, personally, acted in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." §768.28(9)(a). However, Brown has not averred any facts that would support any such claim against Burke, individually.

Moreover, Burke has qualified immunity to any claim under 42 U.S.C. §1983 if the asserted claim fails to allege a constitutional violation, or if a constitutional violation occurred, the right was not clearly established at the time of the violation. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

The due process right afforded Brown is the right of access to the Courts. Brown's Complaint reflects he had just that. His post-conviction motion was received by the Circuit Court and ruled upon. Therefore, the

3

Complaint fails to reflect any cognizable harm.

Brown claims he was represented by counsel. Brown does not allege that his counsel filed any proposed amendments to his post-conviction motion or that his alleged counsel took any action to organize a hearing before the Circuit Court. As a matter of law, these latter responsibilities are the practice of law and the responsibility of his attorney, not the Clerk of the Court.

After reading Brown's complaint in a liberal fashion, the Court finds that Brown can prove no set of facts in support of his claim which would entitle him to relief. Therefore, Defendant Burke's motion to dismiss will be granted.

Brown appealed and the United States Court of Appeals for the Eleventh Circuit denied the appeal as frivolous. (Doc. Nos. 22, 23)

**The Present Case**

In the present case, Brown alleges the same wrongdoing, but by a conspiracy of individuals, including Burke. Brown's conspiracy claim must be dismissed. Brown fails to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights. "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff 'must show that the parties "reached an understanding" to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.' *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir.1990).... [T]he linchpin for conspiracy is agreement ..." *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.1992). In order for a plaintiff "to establish the 'understanding' or 'willful participation' required to show a conspiracy, ... [he] must [produce] some evidence of agreement between the defendants .... For a conspiracy claim to survive a motion for summary judgment '[a] mere "scintilla" of evidence ... will not suffice; there must be enough of a showing that the jury could reasonably find for that party.' *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990)." *Rowe v. City of Fort*

*Lauderdale*, 279 F.3d 1271, 1283-84 (11th 2002). Merely "stringing together" adverse acts of individuals is insufficient to demonstrate the existence of a conspiracy. *Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th Cir.1992). *See McCree v. Turner*, 2006 WL 1391076 at *3 (M.D. Ala, May 16, 2006).

Furthermore, Defendants Burke and Springmann are entitled to the same immunities as those set out in Case No. 8:07-cv-1273-T-17EAJ. Finally, State Attorney McCabe is entitled to prosecutorial immunity. Prosecutors are immune from a civil suit for damages for alleged deprivations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, and further, such immunity from liability is applicable even where the prosecutor knowingly uses purged testimony, deliberately withholds exculpatory information, or fails to make full disclosure of all facts casting doubt upon the State's testimony. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Brown and to close this case.

ORDERED at Tampa, Florida, on December 3, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

David Brown